# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| COLBY SCURLOCK | : | |
| 2358 Jefferson Avenue | | |
| Circleville, Ohio 43113 | : | |
| Plaintiff, | : | CASE NO. 2:18-cv-064 |
| v. | : | JUDGE |
| FLETCHER'S TOWING, INC. | : | MAGISTRATE JUDGE |
| c/o C. William Fletcher | | |
| 20615 U.S. Route 23 North | : | |
| Circleville, Ohio 43113 | | |
| | : | |
| Defendant. | | |

## COMPLAINT
## with Jury Demand

NOW COME Plaintiff Colby Scurlock and proffers this Complaint for damages against Defendant Fletcher's Towing, Inc.

## THE PARTIES

1. Plaintiff is a natural person residing in the Pickaway County, Ohio.

2. Defendant Fletcher's Towing, Inc. is an Ohio corporation headquartered in Pickaway County, Ohio.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Counts II and III are brought under the laws of the State of Ohio, but are based on the same core of operative fact as Count I, and therefore are subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant is headquartered in Pickaway County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant as a tow truck driver from on or about May 31, 2016 until he resigned on or about October 16, 2017, which was his last day worked.

6. Plaintiff was employed on a "48 hours on/48 hours off" schedule. This meant his normal schedule would cause him to work 72 hours every-other week, and 96 hours on the other weeks.

7. Plaintiff's pay was based solely upon 35% of whatever was collected for the tow truck runs he performed for Defendant.

8. Plaintiff's pay formula caused him not to be paid at Ohio's statutory minimum wage for many weeks of work.

9. Plaintiff's pay formula did not account for time-and-a-half for overtime, and he was not paid any different rate for hours worked each week over 40 hours.

10. The duties and nature of Plaintiff's employment with Defendant did not entitle Defendant to any statutory exception from the payment of the minimum wage under state or federal law.

11. The duties and nature of Plaintiff's employment with Defendant did not entitle Defendant to any statutory exemption from the payment of time-and-a-half for hours worked each week over 40 hours under state or federal law

12. In Plaintiffs knowledge and belief, there were other employees of Defendant whose terms and conditions of employment are the same or materially similar to those described in ¶¶ 5-7 above.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA")**
**29 U.S.C. § 201 et seq.**

13. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-12 above as if fully rewritten here.

14. Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

15. Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

16. Defendant was an "enterprise engaged in commerce" during the whole duration of Plaintiffs employment (see 29 U.S.C. § 203(s)).

17. Plaintiff was not paid the federal minimum wage of $7.25 per hour for many weeks he worked for Defendant (see 29 U.S.C. § 206).

18. Plaintiff was not paid time-and-one-half for hours worked beyond 40 hours in each week pursuant to the Maximum Wage provisions of the FLSA, as set forth in 29 U.S.C. § 207(a).

19. This action is filed as a "collective action" allowing other current and former employees of Defendant to opt in if they so desire.

20. Defendant's violation of FLSA's Minimum Wage and Maximum Wage requirement have always been a knowing act by Defendants, and were therefore willful violations.

21. Defendant's violations of the FLSA entitle Plaintiff, pursuant to 29 U.S.C. § 216(b), to unpaid overtime wages, liquidated damages in an amount equal to unpaid overtime wages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $75,000.00 to Plaintiff.

## COUNT II
### VIOLATION OF OHIO CONSTITUTION REGARDING MINIMUM WAGE
### ARTICLE II, § 34a

22. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-21 above as if fully rewritten here.

23. The instances of Defendant failing to pay Plaintiff the Ohio-mandated minimum wage as described above are in violation of Article II, § 34a of the Ohio Constitution.

24. Defendant's violations of Article II, § 34a of the Ohio Constitution entitle Plaintiff to unpaid wages at an $8.10 per hour base rate for all hours in 2016, and an $8.15 base rate for all hours worked in 2017, plus an additional two times the unpaid minimum wages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $50,000.00.

## COUNT III
### FAILURE TO PAY OVERTIME WAGES
### OHIO REVISED CODE § 4111.03

25. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-23 above as if fully rewritten here.

26. Defendant's violations of the ORC § 4111.03(A) entitle Plaintiffs, pursuant to ORC § 4111.10(A), to unpaid overtime wages, liquidated damages in an amount equal to unpaid overtime wages, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $50,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, unpaid wages, liquidated damages equal to the amount of unpaid overtime wages, and attorneys' fees and costs in an amount to be determined at trial, but in any event not less than $75,000.00;

for Count II, unpaid wages, plus an additional two times the amount of unpaid wages, attorneys' fees and costs in an amount to be determined at trial, but in any event not less than $50,000.00; and,

for Count III, unpaid wages, attorney's fees and costs in an amount to be determined at trial, but in any event not less than $50,000.00.

        Respectfully Submitted,

        s/ Gary A. Reeve
        Gary A. Reeve (0064872)
        Trial Attorney for Plaintiff
        244 Southwood Avenue
        Columbus, Ohio 43207
        (614) 808-1881
        *greeve@reevelaw.net*