# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**COLBY SCURLOCK,**

    **Plaintiff,**

v.                         Case No. 2:18-cv-064
                                JUDGE GEORGE C. SMITH
                                Magistrate Judge Vascura

**FLETCHER'S TOWING, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court upon Plaintiff's Second Motion for Default Judgment. (Doc. 21). The Clerk of this Court previously entered default against Defendant on September 17, 2018, and Plaintiff moved for Default Judgment on September 18, 2018. Upon consideration of the foregoing, the Court finds that Defendant is in default for failure to timely file a responsive pleading to the Complaint and that default judgment on Plaintiff's claims for declaratory judgment is authorized and appropriate pursuant to Fed. R. Civ. P. 55(b)(1) and (b)(2).

### I.    BACKGROUND

Plaintiff Colby Scurlock argues that Defendant Fletcher's Towing, Inc. violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; Article II, § 34 of the Ohio Constitution; and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.* ("Fair Wage Act") by failing to pay Plaintiff the federal and state minimum wage. (Doc. 1, Compl. at ¶¶ 13–26). Plaintiff was employed by Defendant as a tow truck driver from May 31, 2016 until October 16, 2017. (*Id.* at ¶ 5). Plaintiff was employed on a "48 hours on/48

hours off" schedule which meant that "his normal schedule would cause him to work 72 hours every-other week, and 96 hours on the other week." (*Id.* at ¶ 6). Plaintiff earned "35% of whatever was collected for the tow truck runs he performed for the Defendant." (*Id.* at ¶ 7). Plaintiff's schedule and pay formula "caused him to not be paid at Ohio's statutory minimum wage" and also "did not account for time-and-a-half for overtime" or compensate for "hours worked each week over 40 hours." (*Id.* at ¶ 9). Defendant was not subject to any exception that would exempt Defendant from the federal or state minimum wage requirement. (*Id.* at ¶¶ 10, 11).

## II. STANDARD OF REVIEW

This is an action for default judgment governed by Federal Rule of Civil Procedure 55 and Local Rule 55. In relevant part, Rule 55 states that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside" and "if that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court . . . ." *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). However, even if a court finds that default judgment is appropriate that "does not resolve issues relating to damages" as default judgment only binds parties on "the issue of liability." *Antoine v. Atlas Tucker, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995).

## III. DISCUSSION

In the Complaint, Plaintiff alleges that Defendant violated the FLSA, Ohio Constitution, and Fair Wage Act by failing to pay Plaintiff the applicable minimum wage and requisite

2

overtime pay for the duration of his employment. As default has been entered against Defendant, they are "bound on the issue of liability" but "the issue of damages" remains. *Antoine*, 66 F.3d at 111). "Ordinarily, a district court must hold an evidentiary hearing in order to give the defaulting defendant an opportunity to contest the amount of damages." *O'Neal v. Nationstar Mortg.*, No. 1:07-CV-505, 2009 WL 1795305, at *4 (S.D. Ohio June 23, 2009) (quoting *Antoine*, 66 F.3d at 110)). However, "an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-CV-377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011) (Graham, J.) (quoting *J & J Sports Production, Inc. v. Lukes*, No. 1:10-CV-535, 2010 WL 4105663 at *1 (N.D. Ohio Oct.18, 2010)). Here, no evidentiary hearing is necessary because Plaintiff has provided an affidavit and accompanying "damages worksheet" which lay out the basis for the alleged damages. (Docs. 22, Mot. for Default J. at 2; 22-1, Scurlock Aff.; 22-2, Damages Worksheet). After review, the Court accepts the affidavit as sufficiently detailed to rule on damages without conducting an evidentiary hearing. Therefore, the Court will turn to the damages analysis.

A. **Damages**

i. **Minimum Wage Claim**

Plaintiff only seeks to pursue damages on his "Ohio Minimum Wage underpayment" as pursuing "damages for his minimum wage claim under the Fair Labor Standards Act . . . would be duplicative of his damages under the Ohio Minimum Wage laws." (Doc. 22, Mot. for Default J. at 3). Article II, Section 34a of the Ohio Constitution states that "where an employer is found by the state or a court to have violated any provision of this section, the employer shall within

3

thirty days of the finding pay the employee back wages, damages, and the employee's costs and reasonable attorney's fees." Furthermore, "damages shall be calculated as an additional two times the amount of back wages . . . ." Ohio Const. art. II, § 34a.

Plaintiff alleges that the "total Ohio Minimum Wage underpayment was ... $7,908.47." (Docs. 22, Mot. for Default J. at 2; 22-2, Damages Worksheet). This amount was determined by first calculating the hourly pay rate. Without proof of a specific rate of pay, the court must infer that "the regular rate actually paid was substantially that obtained by dividing the weekly wage payable for the working of the schedule workweek by the number of hours in such schedule workweek." *149 Madison Ave. Corp. v. Asselta*, 331 U.S. 199, 204 (1947). In this case, the proper pay rate should be the Ohio minimum wage for all hours worked. The record contains no evidence of an agreement between the parties regarding Plaintiff's specific rate of pay during his employment with Defendant. However, Plaintiff's Damages Worksheet uses Ohio's minimum wage rate to calculate damages. Plaintiff is not seeking damages for pay periods in which his rate of pay exceeded the statutorily prescribed minimum rate. Ohio's minimum wage was $8.10 per hour in 2016 and $8.15 per hour in 2017. (Doc. 22, Mot. for Default J. at 1–2). The difference between the amount paid and the amount that would have been paid had the Ohio minimum wage requirement been met ($7,908.47) is the underpayment amount. The Ohio Constitution permits damages, calculated "as an additional two times the amount of back wages," which equal $15,816.94 in this instance. *See* Ohio Const. art. II, § 34a. The damages and the underpayment together amount to $23,725.41, which constitute the total damage award.

### ii. Overtime Claim

Plaintiff maintains that he "should have been paid time and half for hours worked beyond 40 hours for each pay week." (Doc. 22, Mot. for Default J. at 3). Plaintiff seeks damages

4

pursuant to 29 U.S.C. § 207(a) and "will not pursue damages for his Ohio overtime claim." (*Id.* at 3–4). Plaintiff states that the "total underpayment of the additional one-half overtime pay for hours worked beyond 40 hours pay per week . . . was $9,830.50." (*Id.* at 3). Under 29 U.S.C. § 216(b), Plaintiff is also entitled to "additional liquidated damages equal to the underpayment of overtime wages." (*Id.* at 3). The amount of actual damages attributable to the non-payment of overtime is $9,830.50. The addition of liquidated damages in the same amount brings the total amount of overtime-related damages to $19,661.00.

Damages shall be awarded to Plaintiff in the amount of $23,725.41 for the minimum wage claim and $19,661.00 for the overtime claim.

### B. Attorneys Fees

Plaintiff argues that he should be awarded attorneys fees and costs totaling $6,600 pursuant to Article II, § 34a of the Ohio Constitution and 29 U.S.C. § 216(b). (Doc. 22, Mot. for Default J. at 8). Article II, § 34a of the Ohio Constitution states that "where an employer is found by the state or a court to have violated any provision of this section, the employer shall within thirty days of the find pay the employee . . . costs and reasonable attorney's fees." Ohio Const. art. II, § 34a. Similarly, 29 U.S.C. § 216(b) states that the court shall "allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

As this Court has entered default judgment against Defendant for its violations of the Ohio Constitution and the FLSA, the remaining determination is whether the attorneys fees, as calculated by Plaintiff, are reasonable. "The initial estimate of a reasonable attorney fee is properly calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Plaintiff's counsel "has spent a total of 24.8 hours in

researching and prosecuting the matter" and "asserts he is entitled to be paid $250 per hour for time spent pursuing this matter." (Doc. 22, Mot. for Default J. at 4). This calculation results in a total award of $6,200 in attorneys fees. Once that calculation is completed, courts have the ability to increase or decrease the amount but there is an assumption that the figure is reasonable. *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986). Here, the Court has been given no reason to doubt the reasonableness of the attorneys fees. Plaintiff is also entitled to recover court costs which in this case total $400.00 (filing fee). (*Id.* at 4). The total recoverable amount is $6,600.00 for attorneys fees and costs.

## IV. CONCLUSION

Based on the aforementioned discussion, the Court **GRANTS** Plaintiff's Motion for Default Judgment (Doc. 21). Final judgment shall be entered in favor of Plaintiff in the amount of $49,986.41, which includes damages pursuant to Article II, Section 34a of the Ohio Constitution, 29 U.S.C. § 216(b) as well as attorneys fees and costs.

The Clerk shall remove Document 21 from the Court's pending motions list, enter judgment in favor of Plaintiff, and remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*<br>
**GEORGE C. SMITH, JUDGE**<br>
**UNITED STATES DISTRICT COURT**